UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY HUNTER, Personal Representative of the Estate of CARLOS HUNTER, an individual, and Charles A. Isely as Guardian ad Litem for the minor children of Carlos Hunter, <br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>CITY OF VANCOUVER, a Washington municipality, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, a state agency, COLTON PRICE, BRANDEN SCHOOLCRAFT, and JOHN DOES 1-10,<br><br>　　　　　　　　Defendants. | CASE NO. 3:22-cv-05234-RJB<br><br>ORDER GRANTING MOTION TO REMAND |

　　　This matter comes before the Court on Plaintiff's Motion to Remand This Action to State Court (Dkt. 80). The Court has considered all documents filed in support of, and in opposition to, the motion, and is fully advised.

　　　Defendants oppose the motion, primarily based on the following quote from the United States Supreme Court:

ORDER GRANTING MOTION TO REMAND - 1

> [W]e hold that the Attorney General's certification is conclusive for purposes of removal, i.e., once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to state court.

*Osborn v. Haley*, 549 U.S. 225, 231, 127 S.Ct. 881, 888-89 (2007); *Easton v. U.S.*, 848 Fed.App'x 782, 783 (9th Cir. 2021) (Mem.) (unpublished) quoting *Osborn*.

However, also in the *Osborn* case, the United States Supreme Court also said:

> Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction. *See Carnegie-Mellon Univ. v Cohill,* 484 U.S. 343, 350-51, 108 S. Ct. 614, 98 L.Ed. 2d 720 (1988) (when federal character of removed case is eliminated while the case is *sub judice*, court has discretion to retain jurisdiction, to remand, or to dismiss)[.]

*Osborn*, 549 U.S. at 245.  The Supreme Court also cited 28 U.S.C. § 1367.

In this case, the "federal character of [this] removed case is eliminated," and only state claims and parties remain.  (Dkt. 81).  The purposes of, and facts supporting, the *Osborn* mandate re: federal jurisdiction are eliminated.  The Court should examine plaintiff's motion in accord with 28 U.S.C. § 1367, which reads as follows, in pertinent part:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

At this juncture, the Court is not aware of what state law issues may be raised, but state law claims will predominate, the Court has dismissed claims of original federal jurisdiction, and there are no compelling reasons for retaining jurisdiction.

Defendants' concerns about "federal entanglement" are speculative and not persuasive.

ORDER GRANTING MOTION TO REMAND - 2

This federal court has not been exposed to the details of the parties' positions at this point, with the issues so far having been procedural in nature.

Pursuant to the Minute Order Setting Trial and Pretrial Dates (Dkt. 46), discovery is open to April 17, 2023, the dispositive motions due date is May 16, 2023, and trial is set for August 14, 2023.  Transfer of the case to state court should not unduly delay processing of the case.

Judicial economy, convenience to Clark County, fairness, and comity all support remand.

It is appropriate, for those reasons, to remand the case to the Superior Court of the State of Washington for Clark County.

A motion for summary judgment has been filed by Defendant City of Vancouver (Dkt. 64); that motion should be denied without prejudice, to allow the motion to be raised in the state court.

Therefore, it is now ORDERED:

1) Plaintiff's Motion to Remand (Dkt. 80) is GRANTED, and this case is hereby REMANDED to the Superior Court of the State of Washington in and for Clark County;

2) The pending Motion for Summary Judgment (Dkt. 64) is DENIED WITHOUT PREJUDICE.

Dated this 7th day of November, 2022.

*[signature]*

ROBERT J. BRYAN
United States District Judge